## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | EMMERT SECOND LIMITED PARTNERSHIP, a Nevada limited partnership; | ) ) ) |
| (2) | I.A.M. OF PUERTO RICO, INC., a Puerto Rico corporation; | ) ) |
| (3) | DURA-STILT SALES LIMITED PARTNERSHIP, a Nevada limited partnership, | ) ) ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| (1) | MARSHALLTOWN COMPANY, | ) |
| | | ) |
| | Defendant. | ) |

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW Plaintiffs, Emmert Second Limited Partnership, I.A.M. of Puerto Rico, Inc., and Dura-Stilt Sales Limited Partnership, and for their action against Defendant, Marshalltown Company, allege and state as follows:

## PARTIES

1.     Emmert Second Limited Partnership ("Emmert") is a limited partnership existing under the laws of the State of Nevada, with its principal place of business in Oklahoma City, Oklahoma.

2.     I.A.M. of Puerto Rico, Inc. ("IAM") is a corporation existing under the laws of Puerto Rico, with its principal place of business in Humacao, Puerto Rico.

3.     Dura-Stilt Sales Limited Partnership ("Dura-Stilt Sales") is a limited partnership existing under the laws of the State of Nevada, with its principal place of business in Oklahoma City, Oklahoma.

4.     Upon information and belief, Marshalltown Company ("Marshalltown") is a corporation existing under the laws of the State of Iowa, with its principal place of business in Marshalltown, Iowa.

## JURISDICTION AND VENUE

5.     Upon information and belief, Defendant conducts business and sells products throughout the United States, including the State of Oklahoma and this judicial district.

6.     Jurisdiction exists in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338.

7.     The claims set forth below occurred in Oklahoma County, Oklahoma and, thus, venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL STATEMENT OF FACTS

8.     Plaintiffs are engaged in the business of selling various goods in the commercial and residential construction industry. Specifically, Plaintiffs manufacture, sell and market stilts used by professionals for such things as performing overhead or elevated tasks including installing sheetrock and trim, establishing electrical connections, painting, etc. These stilts are and have been marketed by Plaintiffs under the trademark DURA-STILTS® since 1964.

9.     On September 16, 2006, Plaintiff Emmert (or its assignor) obtained United States Patent No. 7,108,640 (the "'640 Patent") related to various improvements in the DURA-STILTS® stilts.

10.     The "Assembly and Instruction Manual" for the DURA-STILTS® is also an original work, including the text, illustrations and photos thereof, and constitutes copyrightable subject matter under the Copyright Laws of the United States. The "Assembly and Instruction Manual" incorporates a valid copyright notice pursuant to the Copyright Laws of the United States.

3

11.    Plaintiff IAM has complied in all respects with the Copyright Laws of the United States and has received a copyright registration from the United States Copyright Office for the "Assembly and Instruction Manual." A copy of this registration is attached hereto as Exhibit "1."

12.    The "Assembly and Instruction Manual" has been readily available to the public and, upon information and belief, Defendant has had access to the same.

13.    Without Plaintiffs' prior knowledge or permission, Defendant now manufactures, sells and markets a number of knock-off products. As a result, there has been actual confusion and there is a likelihood of confusion in the marketplace with regard to consumers believing that products offered by Defendant were offered by, or otherwise associated with, Plaintiffs in violation of the Laws of the United States, the State of Oklahoma, and the Common Law.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

Plaintiff IAM adopts and realleges every paragraph above as if set forth verbatim herein.

14.     Defendant has plagiarized and reproduced Plaintiff's copyrighted expression as contained in the "Assembly and Instruction Manual," without Plaintiff's knowledge or permission in violation of the Copyright Laws of the United States, 17 U.S.C. §§ 101 et seq.  Such actions by Defendant infringe on Plaintiff's exclusive rights, does not constitute fair use by Defendant, and does not constitute innocent infringement on the part of Defendant.

15.     Defendant has created a derivative work based on Plaintiff's copyrighted expression as contained in the "Assembly and Instruction Manual," for Defendant's product manuals.

16.     Defendant's aforementioned acts violate Plaintiff's exclusive rights to reproduce its copyrighted works, prepare derivative works and distribute copies to the public, and  constitute infringement of Plaintiff's copyright.

17.    Upon information and belief, Defendant's aforesaid acts were with knowledge of Plaintiff's copyright in the "Assembly and Instruction Manual," were deliberate, willful and intentional.

18.    Defendant's aforesaid acts are greatly and irreparably damaging to Plaintiff and will continue to so damage Plaintiff unless restrained by this Court.

## SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement)

Plaintiffs adopt and reallege every paragraph above as if set forth verbatim herein.

19.    Plaintiffs have adopted a distinctive design for their DURA-STILTS® stilts, which makes it a strongly identifiable product to consumers by its visual appearance.

20.    Plaintiffs have engaged in extensive promotion of their distinctive design and such design has become, through widespread and favorable acceptance and recognition in the relevant market, an asset of substantial value to Plaintiffs.

21.    Defendant intentionally copied Plaintiffs' trade dress design in order to unfairly appropriate Plaintiffs' established goodwill and divert Plaintiffs' customers by means of deception as to the source of Defendant's stilts.

22.    Defendant has, with knowledge and without authorization from Plaintiffs, placed their competing products in commerce and included a design which is likely to cause confusion or to cause mistake as to an affiliation, connection or association of Defendant with Plaintiffs and as to the origin, sponsorship or approval of such work by Plaintiffs.

23.    For instance, Defendant has incorporated the following and without limitation, trade dress components that create confusion in the marketplace: leg member outer sleeve with the same appearance of Plaintiffs' stilts; adjustable leg extension tube with the same appearance of Plaintiffs' stilts; leg member with offset leg and pivot end bracket with the same appearance of Plaintiffs' stilts; shoe plates and floor plates with the same appearance of Plaintiffs' stilts; interchangeable soles with the same appearance of Plaintiffs' stilts; interchangeable adjustable side bracket leg support system with the same appearance of Plaintiffs' stilts; interchangeable shoe mounting heel, strap attachment and buckle system with the same appearance of Plaintiffs' stilts; and interchangeable leg sleeves with the same appearance of Plaintiffs' stilts.

24.     These acts of Defendant have caused, and are likely to cause, damage to Plaintiffs, are in violation of the Lanham Act, will divert Plaintiffs' sales, and will diminish Plaintiffs' selling power of their established trade dress.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

Plaintiffs adopt and reallege every paragraph above as if set forth verbatim herein.

25.     Defendant, by virtue of the fact that it has manufactured, sold, used, imported, marketed, and/or offered for sale devices infringing upon Plaintiffs' trade dress, and literature embodying the copyright, has engaged, and continues to engage, in unfair competition against Plaintiffs.

26.     Such conduct includes, without limitation, surreptitiously raiding Plaintiffs' client base and established goodwill, wrongful deception of the purchasing public, wrongful designation as to the source, sponsorship and origin of goods, wrongful deprivation of Plaintiffs' good name and reputation, and wrongful deprivation of Plaintiffs' right to public recognition and credit as to the true source of the stilts.

27.     Defendant has been manufacturing, distributing, marketing and selling stilts under the disputed mark, resulting in consumer confusion as to the source of the stilts. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act, under state law and common law.

28.     Defendant has been unjustly enriched through unfair competition and have caused Plaintiffs actual damages. Defendant continues to unfairly compete with Plaintiffs and, therefore, Plaintiffs are entitled to actual and punitive damages in excess of $75,000, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)

Plaintiffs adopt and reallege every paragraph above as if set forth verbatim herein.

29.     Defendant has willfully engaged in these trade practices knowing them to be false, misleading, and deceptive. Defendant has intended to injure and have injured Plaintiffs (their competitor).

30.     The acts of Defendant, as alleged herein, constitute a violation of the Oklahoma Deceptive Trade Practices Act (78 O.S. §§ 51 et seq.).

31.    These wrongful acts have caused and will continue to cause Plaintiffs substantial injury, including loss of customers, dilution of their goodwill, confusion of existing and potential customers, injury to their reputation, and diminution of the value of their products and services. Accordingly, Plaintiffs are entitled to actual and punitive damages in excess of $75,000, in an amount to be determined at trial.

32.    The harm these wrongful acts will cause Plaintiffs is both imminent and irreparable. Thus, Plaintiffs are also entitled to an injunction restraining Defendant from engaging in further such unlawful conduct.

## COMBINED PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

(a)    That Defendant, its officers, directors, employees and all other acting under their direction and control be enjoined and restrained through preliminary and permanent injunctive relief from infringing on and contributing to or inducing the infringement of the copyright and trade dress.

(b)    That the Plaintiffs be granted an equitable accounting from the Defendant for any and all sales and/or profits derived by Defendant from said actions,

infringement and Defendant's other unlawful acts.   Such actions should include the appointment of a Special Master, if necessary.

(c)     That Defendant be required to compensate Plaintiffs for all damages, including actual and compensatory damages, lost profits, loss of business reputation, costs in bringing this action, costs of corrective advertising, together with interest and costs, suffered by Plaintiffs as a result of said infringement and Defendant's other unlawful acts, said damages to be trebled (where appropriate) as a consequence of Defendant's willful infringement.

(d)     That the Court order that all products, printed materials, signage, packaging, and other infringing articles in Defendant's possession be delivered and/or destroyed.

(e)     That, because this is an exceptional case and to the extent applicable, Plaintiffs be awarded their reasonable attorney fees, expenses and costs in this action.

(f)     That Plaintiffs be awarded punitive damages in such amount to punish Defendant and deter such conduct in the future.

11

(g)     That Plaintiffs be awarded such other and further relief to which they may be entitled, whether at law or in equity, including under the Lanham Act, state law and the common law.

**FELLERS, SNIDER, BLANKENSHIP, BAILEY & TIPPENS, P.C.**

*s/ Mark K. Stonecipher*
Mark K. Stonecipher, OBA No. 10483
100 N. Broadway Avenue, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659

**Attorneys for Plaintiffs**

509703.1