## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | EMMERT SECOND LIMITED PARTNERSHIP, a Nevada limited Partnership; | ) ) ) |
| (2) | I.A.M. OF PUERTO RICO, INC., a Puerto Rico corporation; | ) ) |
| (3) | DURA-STILT SALES LIMITED PARTNERSHIP, a Nevada limited partnership, | ) ) ) ) |
| | Plaintiffs, | ) ) ) |
| v. | | ) ) | Case No. 5:10-cv-00012-D |
| (1) | MARSHALLTOWN COMPANY, | ) ) ) |
| | Defendant. | ) |

**DEFENDANT MARSHALLTOWN COMPANY'S ANSWER TO COMPLAINT**

Comes now Defendant Marshalltown Company ("Marshalltown"), by and through its attorneys, and for its combined Answer and Affirmative Defenses, states as follows:

### PARTIES

1. The allegations in paragraph 1 are not within the specific personal knowledge of Marshalltown and, therefore, are denied.

2. The allegations in paragraph 2 are not within the specific personal knowledge of Marshalltown and, therefore, are denied.

3. The allegations in paragraph 3 are not within the specific personal knowledge of Marshalltown and, therefore, are denied.

4. The allegations in paragraph 4 are admitted.

## JURISDICTION AND VENUE

5.      The allegations in paragraph 5 are admitted.

6.      With respect to the allegations in paragraph 6, jurisdictional allegations are legal conclusions for which an admission or denial is unnecessary.  Marshalltown denies any remaining allegations contained in paragraph 6 for which a response is deemed necessary.

7.      With respect to the allegations in paragraph 7, venue allegations are legal conclusions for which an admission or denial is unnecessary.  Marshalltown denies any remaining allegations contained in paragraph 7 for which a response is deemed necessary.


## GENERAL STATEMENT OF FACTS

8.      Marshalltown denies the allegations contained in paragraph 8 of the Complaint for want of knowledge of information sufficient to form a belief as to the veracity thereof.

9.      Marshalltown denies the allegations contained in paragraph 9 of the Complaint for want of knowledge of information sufficient to form a belief as to the veracity thereof.

10.      Marshalltown denies the allegations contained in paragraph 10 of the Complaint for want of knowledge of information sufficient to form a belief as to the veracity thereof.

11.      Marshalltown admits that a document labeled Exhibit 1 was attached to the Complaint as served, but Marshalltown denies the remaining allegations contained in

paragraph 11 of the Complaint for want of knowledge of information sufficient to form a belief as to the veracity thereof.

12.     Marshalltown denies the allegations contained in paragraph 12 of the Complaint for want of knowledge of information sufficient to form a belief as to the veracity thereof.

13.     Marshalltown denies the allegations in paragraph 13.    Affirmatively pleading, Marshalltown has sold and marketed stilts for over ten years under the MARSHALLTOWN trademarks.   Since 2006, Marshalltown has prominently displayed its marks on its packaging and on the stilts themselves.    An image depicting Marshalltown's stilts is attached hereto as Exhibit 1.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(Copyright Infringement)**</u>

Marshalltown adopts and reasserts the above responses to the allegations set forth above as if set forth verbatim herein.

14.     Marshalltown denies the allegations contained in paragraph 14.

15.     Marshalltown denies the allegations contained in paragraph 15.

16.     Marshalltown denies the allegations contained in paragraph 16.

17.     Marshalltown denies the allegations contained in paragraph 17.

18.     Marshalltown denies the allegations contained in paragraph 18.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**(Trade Dress Infringement)**</u>

Marshalltown adopts and reasserts the above responses to the allegations set forth above as if set forth verbatim herein.

19.     Marshalltown denies the allegations contained in paragraph 19.

20.     Marshalltown denies the allegations contained in paragraph 20.

21.     Marshalltown denies the allegations contained in paragraph 21.

22.     Marshalltown denies the allegations contained in paragraph 22.

23.     Marshalltown denies the allegations contained in paragraph 23.

24.     Marshalltown denies the allegations contained in paragraph 24.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

Marshalltown adopts and reasserts the above responses to the allegations set forth above as if set forth verbatim herein.

25.     Marshalltown denies the allegations contained in paragraph 25.

26.     Marshalltown denies the allegations contained in paragraph 26.

27.     Marshalltown admits that it has been manufacturing, distributing, marketing, and selling stilts, but denies the remaining allegations contained in paragraph 27.

28.     Marshalltown denies the allegations contained in paragraph 28.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)

Marshalltown adopts and reasserts the above responses to the allegations set forth above as if set forth verbatim herein.

29.     Marshalltown denies the allegations contained in paragraph 29.

30.     Marshalltown denies the allegations contained in paragraph 30.

31.     Marshalltown denies the allegations contained in paragraph 31.

32.     Marshalltown denies the allegations contained in paragraph 32.

33.     Marshalltown denies each and every allegation set forth in the Complaint not specifically admitted herein.  Marshalltown denies that the Plaintiffs are entitled to any of the relief set forth in subparagraphs (a) – (g) of their prayer for relief and assert that the Court should dismiss the Plaintiffs' case with prejudice, award Marshalltown its costs and attorney's fees in defending this action, and that the Court should award all other relief to which Marshalltown proves itself entitled.

## AFFIRMATIVE DEFENSES

34.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and therefore, should be dismissed.

35.     Plaintiffs' copyright registration is invalid for failure to comply with the requirements for copyrightable subject.

36.     Plaintiffs' copyright registration is limited in scope and is insufficient to cover Plaintiffs' allegations.

37.     Plaintiffs' claims fail, in whole or in part, for lack of ownership over the asserted claims.

38.     The state law claims for unfair competition and deceptive trade practices are preempted.

39.     Plaintiffs have not suffered damages or harm.

40.     Plaintiffs' claims fail, in whole or in part, since no actual diversion of sales has occurred.

41.     Plaintiffs' claims fail, in whole or in part, since the features of Plaintiffs' products are not suitable for protection because they are exclusively or primarily

functional essential to the use or purpose of the product, including cost and quality of the product, and therefore are not protectable by trade dress.

42.    Plaintiffs' claims fail, in whole or in part, since the features of Plaintiffs' products and/or the alleged design neither identifies nor distinguishes Plaintiffs' goods.

43.    Plaintiffs' claims are barred, in whole or in part, since there is no likelihood of confusion in the market place.

44.    Plaintiffs' claims fail, in whole or in part, since the features of Plaintiffs' products in which Plaintiffs' claim trade dress protection lack inherent, or acquired distinctiveness, or secondary meaning.

45.    Plaintiffs' claims fail because the features of the product in which they claim trade dress protection are properly the subject of patent or copyright protection, which have either expired or were not obtained, such that trade dress protection for these features is preempted.

46.    Marshalltown further asserts the affirmative defenses of independent creation, scène à faire, laches, acquiescence, waiver, estoppel, unclean hands, statute of limitations, lack of standing, failure to join a necessary party, and any other affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Trademark and Copyright Laws of the United States, or existing in law or in equity that may now or in the future be available based on discovery or other factual investigation concerning this case.  Marshalltown reserves the right to supplement these defenses as necessary.

WHEREFORE, defendant, Marshalltown Company, prays that the Court should dismiss the Plaintiffs' case with prejudice, award Marshalltown its costs and attorney's

fees in defending this action, and that the Court should award all other relief to which Marshalltown proves itself entitled.

Respectfully submitted,

MARSHALLTOWN COMPANY

By: s/Stephen R. Johnson
    Heidi J. Long, OBA No. 17667
    Stephen R. Johnson, OBA No. 4724
    HOLLADAY & CHILTON, PLLC
    204 N. Robinson Avenue, Suite 1550
    Oklahoma City, Oklahoma 73102
    Telephone – (405) 236-2343
    Facsimile – (405) 236-2349
    sjohnson@holladaychilton.com
    hlong@holladaychilton.com


    Meredith K. Lowry, ABA No. 2005232
    David B. Pieper, ABA No. 98184
    Keisling & Pieper PLC
    One Steele Plaza
    3739 Steele Blvd., Suite 340
    Fayetteville, Arkansas  72703
    Telephone – (479) 251-0800
    Facsimile – (479) 251-0801
    meredith.lowry@kpslaw.com

    Attorneys for Defendant Marshalltown Company

VERIFICATION

STATE OF ARKANSAS            )
                            ) ss.
COUNTY OF WASHINGTON         )

I, Jack Murders, Vice President of Marshalltown Company, the named defendant, state
that I have read the above and foregoing Verified Answer and Affirmative Defenses and
that the facts, statements, and allegations therein contained are true and correct to the best
of my knowledge and belief.

WITNESS my hand on this 24th day of ____May____, 2010.

Subscribed and sworn to before me on this 24th day of ___May___, 2010.

Notary Public

Nellwynn Huffman

My Commission Expires: 04-20-18

> NELLWYNN HUFFMAN
> Arkansas - Washington County
> Notary Public - Comm# 12565184
> My Commission Expires Apr 20, 2018

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Mark K. Stonecipher
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS, P.C.
100 N. Broadway Avenue, Suite 1700
Oklahoma City, Oklahoma 73102-8820

s/Stephen R. Johnson
Stephen R. Johnson