IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EMMERT SECOND LIMITED PARTNERSHIP, a Nevada limited partnership; | )<br>)<br>)<br>) |
| (2) I.A.M. OF PUERTO RICO, INC., a Puerto Rico corporation; and | )<br>)<br>) |
| (3) DURA-STILT SALES LIMITED PARTNERSHIP, a Nevada limited partnership, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-10-12-C |
| MARSHALLTOWN COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Emmert Second Limited Partnership ("Emmert"), I.A.M. of Puerto Rico, Inc. ("I.A.M."), and Dura-Stilt Sales Limited Partnership ("Dura-Stilt") brought suit against Defendant Marshalltown Company for allegedly infringing on Plaintiffs' patented professional market stilts. In its Answer to Plaintiffs' Complaint, Defendant alleged a counterclaim of false patent marking under 35 U.S.C. § 292. Presently, Plaintiffs move the Court to dismiss Defendant's false patent marking claim for failure to sufficiently plead with particularity under Federal Rule of Civil Procedure 9(b) and failure to state a claim under Rule 12(b)(6).

## I. BACKGROUND

Plaintiffs design, manufacture, and sell professional grade stilts for elevated or overhead installation use, for which Plaintiffs currently hold and previously held numerous patents. Defendant also manufactures, sells, and markets professional grade stilts, which Plaintiffs believe infringe on their patents and copyrighted instruction material. In its Counterclaim, Defendant asserts a qui tam relator claim under 35 U.S.C. § 292 for alleged false patent marking with regard to U.S. Patent Numbers 3,102,272 ("272 Patent"), 3,902,199 ("199 Patent"), 4,610,056 ("056 Patent"), and 6,283,462 ("462 Patent").

As the bases for its claim, Defendant points to statements made on Plaintiffs' website and revisions made to their patent marking. Specifically, Defendant alleges that Plaintiffs made several revisions to their patent markings: (1) Defendant claims that Plaintiffs marketed their stilts with updated foot plate markings identifying the 056 Patent, the 462 Patent, and the 272 Patent, which was expired at the time the 056 Patent was issued, and the 199 Patent, which was expired at the time the 462 Patent was issued; and (2) Defendant also alleges that Plaintiffs added a sticker identifying the 640 Patent; and since filing its Counterclaim, Defendant alleges it has discovered three new revisions. However, because these last three revisions were not pled in its Counterclaim, but rather raised for the first time in its response brief to Plaintiffs' Motion to Dismiss, the Court will only consider those revisions originally pled in Defendant's Counterclaim. See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949. A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions—"a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555. Contrary to the general pleading standard, a heightened pleading is required under Rule 9(b) when a plaintiff alleges fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008); Alvarado v. KOB-TV,

L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). A court is not bound to accept as true a plaintiff's legal assertions. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50.

The Federal Circuit has found that Rule 9(b)'s gatekeeping function applies with equal force to § 292 claims, which govern the requirements of a false marking claim. Under § 292, a plaintiff must prove that the defendant marked an unpatented article with the intent to deceive the public. See Clontech Labs. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." In re BP Lubricants USA Inc., 637 F.3d 1307, 1311 (Fed. Cir. 2011). Regarding whether a plaintiff has sufficiently pleaded facts to establish that a defendant intended to deceive, the Federal Circuit stated the following:

> Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, "objective standards" control and "the *fact* of misrepresentation is coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent."

Clontech Labs., 406 F.3d at 1352 (citation omitted) (quoting Norton v. Curtiss, 433 F.2d 779, 795-96 (1970)). "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).

### III. DISCUSSION

The parties do not dispute that Plaintiffs marked certain products with expired patents; rather, the disputed issue is whether Defendant has sufficiently pleaded facts demonstrating that Plaintiffs acted with the requisite intent to deceive.

Plaintiffs claim that Defendant's conclusory statements that they had intent to deceive fail to sufficiently plead a false marking claim to survive the present motion. Specifically, Plaintiffs state that the deficiencies in Defendant's Counterclaim parallel those in In re BP Lubricants, where the Federal Circuit held allegations that the defendant was a "'sophisticated company [which had] experience applying for, obtaining, and litigating patents'" was not enough under Rule 9(b). In re BP Lubricants, 637 F.3d at 1312.

Defendant argues that the allegations contained in its Counterclaim go beyond the inadequate conclusions in the BP Lubricants' Complaint. In addition to Plaintiffs' revisions to patent markings on its products after the patents had expired, Defendant points to Plaintiffs' website, which stated that "[o]nce older patents began to expire, several marketers began importing numerous imitations of Genuine Dura-Stilts," as support for its allegations that Plaintiffs had intent to deceive. (Def.'s Br., Dkt. No. 34 Ex. I.)

Plaintiffs counter that any statement on their website fails to satisfy the heightened pleading requirements because the statement is not attributable to an individual and, therefore, is not sufficient. Additionally, Plaintiffs claim the substance of the statement also fails to distinguish when or which patent will expire; rather, it is a vague statement about "older patents" which fails to satisfy the heightened pleading standard.

5

In In re BP Lubricants, the Federal Circuit identified three examples of facts that would sufficiently meet Rule 9(b)'s heightened pleading standard: (1) facts identifying actual individuals who knew the patent had expired or was denied; (2) facts alleging that the defendant was engaged in litigation about an expired patent; or (3) facts alleging that the defendant made multiple revisions in marketing materials after expiration of the patent. In re BP Lubricants, 637 F.3d at 1312.

While "a single, unspecified instance of package revision with an expired marking is not, by itself, sufficient to support an inference of deceptive intent," courts have found that multiple revisions that are detailed "or coupled with other indicia of the defendant's knowledge of a patent's expiration" are enough. Hollander v. Ortho-McNeil-Janssen Pharm., Inc., No. 10-00836, 2011 WL 1288676, at *5 (E.D. Pa. Apr. 5, 2011), 2011 WL 1288676, at *5. Defendant cites two cases where courts have found defendants sufficiently pleaded facts to survive a motion to dismiss. Hollander, 2011 WL 1288676, and Rogers v. Conair Corp., No. 10-1497, 2011 WL 1809510 (E.D. Pa. May 12, 2011).

Here, the facts Defendant pleaded are above mere conclusory allegations that Plaintiffs knew the patents were expired, but below actual notice to Plaintiffs of the expired patent, either by litigation, as in Hollander, or actual notice, as in Rogers. Hollander, 2011 WL 1288676, at *4; Rogers, 2011 WL 1809510, at *2 & n.17. While close, the Court finds that the present case is more akin to Hollander v. Hospira, Inc., where the court dismissed the plaintiff's claim despite the defendant's statement in SEC filings that its products were

6

not covered by patents and revising its patent markings twice. Hollander v. Hospira, Inc., No. 10 C 8151, 2011 WL 1811637, at *4-5 (N.D. Ill. May 12, 2011).

The Court agrees that Plaintiffs' website statement alone is not sufficient to plead objective facts demonstrating an intent to purposely mislabel its own products. Id. ("[T]he Court finds that Hospira's statements in its SEC filings that most of its products 'are not protected by patents or other proprietary rights' and that it 'seeks to launch generic pharmaceutical products either where patent protection of equivalent branded products has expired, where patents have been declared invalid or where products do not infringe the patents of others' do not indicate an intent to purposely mislabel its own products."). In addition to not being attributable to an individual, the statement does not indicate which patents will expire or when such patents will expire. Defendant also points to Plaintiffs' marketing material that marks out certain patents as evidence of Plaintiffs' knowledge of the expired patents; despite the veracity of Defendant's claim on this issue, this evidence supports a finding that Plaintiffs lacked the required intent to deceive. Additionally, the case law cited by Defendant as support for the sufficiency of its claim is distinguishable: Plaintiffs were not involved in litigation regarding these patents, nor were Plaintiffs sent notice of the expiration of their patents.

Keeping in mind that "'[t]he bar for proving deceptive intent [in false marking cases] is particularly high,'" the Court finds that Defendant has failed to sufficiently plead with particularity facts to survive Plaintiffs' present Motion. Id. at *3 (quoting Pequignot, 608 F.3d at 1362-63). Due to this conclusion, the Court need not resolve Plaintiffs' assertion that

7

35 U.S.C. § 292 violates Article II of the Constitution. See McKenzie v. Renberg's Inc., 94 F.3d 1478, 1488 n.11 (10th Cir. 1996).

Accordingly, for the above-stated reasons, Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Doc. 38) is GRANTED.

IT IS SO ORDERED this 11th day of July, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge