IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EMMERT SECOND LIMITED PARTNERSHIP, a Nevada limited partnership; <br><br> (2) I.A.M. OF PUERTO RICO, INC., a Puerto Rico corporation; and <br><br> (3) DURA-STILT SALES LIMITED PARTNERSHIP, a Nevada limited partnership, <br><br> Plaintiffs, <br><br> vs. <br><br> MARSHALLTOWN COMPANY, <br><br> Defendant. | Case No. CIV-10-12-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs Emmert Second Limited Partnership ("Emmert"), I.A.M. of Puerto Rico, Inc. ("I.A.M."), and Dura-Stilt Sales Limited Partnership ("Dura-Stilt") brought suit against Defendant Marshalltown Company for allegedly infringing on Plaintiffs' patented professional market stilts.  In its Answer to Plaintiffs' Complaint, Defendant alleged a counterclaim of false patent marking under 35 U.S.C. § 292.  Plaintiffs moved the Court to dismiss Defendant's false patent marking claim for failure to sufficiently plead with particularity under Federal Rule of Civil Procedure 9(b) and failure to state a claim under Rule 12(b)(6), which the Court granted on July 11, 2011.  (Order, Dkt. No. 65.)  Nine days later, on July 20, Defendant filed the present Second Motion to Amend its Answer to the

Complaint. On August 8, Defendant filed its Notice of Appeal regarding this Court's Order of July 11.

### I. Leave to Amend

Defendant seeks this Court's leave to amend its Answer under Rule 15 of the Federal Rules of Civil Procedure arguing that such leave should be granted because of newly discovered evidence—namely, additional deposition testimony of I.A.M.'s president and corporate designee—and evidence which should have been, but was not, considered in this Court's determination of Plaintiffs' Motion to Dismiss. While Rule 15 grants considerable discretion to district courts to allow leave to amend, once judgment has been ordered, courts are foreclosed from granting leave to amend unless the judgment is opened under Rule 59(e) or Rule 60. Glenn v. First Nat'l Bank, 868 F.2d 368, 371 (10th Cir. 1989) ("After a motion to dismiss has been granted, plaintiffs must first reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15 . . . ."); Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002).

Because Defendant essentially seeks a reconsideration of a final judgment and is within the timely filing requirement, the Court will also construe Defendant's Second Motion to Amend the Complaint as a Motion to Reconsider under Rule 59. See Trotter v. Regents of Univ. of N.M., 219 F.3d 1179, 1183 (10th Cir. 2000) ("Regardless of how it is styled, courts consider a motion filed within ten days of the entry of judgment that questions the correctness of the judgment to be a Rule 59(e) motion."); see also Combs v. PriceWaterhouse Coopers LLP, 382 F.3d 1196, 1205-06 (10th Cir. 2004) (finding district court did not abuse

its discretion by refusing to morph a Rule 15 motion into a Rule 59 motion when "the losing party seeks the amendment many months after his initial filing, <u>the amendment is not based on new evidence</u>, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of summary judgment.") (emphasis added). Defendant's Motion is timely under Rule 59[1] and has provided additional, newly discovered evidence in support of Defendant's false marking claims: Plaintiff I.A.M.'s corporate designee's deposition testimony on June 14, 2011, which occurred six days before the deadline for Defendant's sur-reply to Plaintiffs' Motion to Dismiss.

Therefore, the Court believes that Defendant's subsequently filed notice of appeal does not divest the Court of jurisdiction because Defendant's motion to modify had not been disposed of at the time Defendant filed the notice of appeal.[2] See <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 59-61 (1982) ("[A] subsequent notice of appeal is also ineffective if it is filed while a timely Rule 59 motion is still pending."); <u>Cooper v. Shumway</u>, 780 F.2d 27, 29 (10th Cir. 1985) (discussing Rule 15 motions and finding that "[b]ecause the amended complaint was not filed within ten days of final judgment, Rule 59(e) [was] inapplicable."); <u>see</u> <u>also</u> <u>St. Paul Fire & Marine Ins. Co. v. Chong</u>, No. 91-2141-O, 1992 WL

---

[1] In 2007, Rule 59's 10-day requirement was extended to 28 days. Fed. R. Civ. P. 59 advisory committee's note (2009). Defendant filed the present Motion nine days after this Court's prior order. (Def.'s Br., Dkt. No. 66.)

[2] However, out of an abundance of caution, and because "[t]he filing of the notice of appeal was an event of jurisdictional significance, [that] divest[s] the district court from granting further relief concerning the issues on appeal" (<u>Walker v. City of Orem</u>, 451 F.3d 1139, 1146 (10th Cir. 2006)), the Court respectfully requests the Federal Circuit remand the matter so that the Court can grant Defendant's present Motion.

97811, at *1 (D. Kan. 1992) (unpublished) (finding that a notice of appeal filed after a Rule 59 motion had "no effect because the court had not disposed of the defendants' motions to modify judgment at the time the notice of appeal was filed."), aff'd, 979 F.2d 858 (10th Cir.), and Federal Practice and Procedure § 2821, at 222-23 (2d ed. 1995 & Supp. 2011) ("If a timely motion under Rule 59 has been made and not disposed of, the case lacks finality. For that reason, the subsequent filing of a notice of appeal is a nullity and does not deprive the trial court of power to rule on the motion."). A Rule 59(e) motion may be granted "'"to correct manifest errors of law or to present newly discovered evidence."'" (quoting Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985))). Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

In the prior Order, the Court found that "because these last three revisions were not pled in its Counterclaim, but rather raised for the first time in its response brief to Plaintiffs' Motion to Dismiss, the Court [would] only consider those revisions originally pled in Defendant's Counterclaim." (Order, Dkt. No. 65.) However, there was "readily apparent notice" of the desire to amend and the particular basis for the amendment, and, therefore, the Court will consider the multiple revisions. (Def.'s Br., Dkt. No. 45, at 5-6, 9-10.) See Calderon v. Kan. Dep't of Social & Rehab Serv.., 181 F.3d 1180, 1186-87 (10th Cir. 1999) (finding "insufficient . . . a bare request . . . to a motion to dismiss 'that leave be given to the Plaintiffs to amend their Complaint.'" (quoting Glenn, 868 F.2d at 370)).

In light of the corporate designee's deposition testimony and the multiple revisions, the Court finds that dismissal of Defendant's false patent marking claims is not warranted. Construing as it must all inferences in Defendant's favor, the Court finds that the multiple revisions, website statement, and corporate designee's deposition testimony[3] are "other indicia of the [Plaintiff's] knowledge of a patent's expiration" and survive Plaintiffs' Motion to Dismiss. Hollander v. Ortho-McNeil-Janssen Pharm., Inc., ___ F. Supp. 2d ___, ___, 2011 WL 1288676, at *5 (E.D. Pa. Apr. 5, 2011); Rogers v. Conair Corp., No. 10-1497, 2011 WL 1809510 (E.D. Pa. May 12, 2011) (unpublished) ; (Order, Dkt. No. 65, at 6 ("Here, the facts Defendant pleaded are above mere conclusory allegations that Plaintiffs knew the patents were expired, but below actual notice to Plaintiffs of the expired patent, either by litigation, as in Hollander, or actual notice, as in Conair. While close, the Court finds that the present case is more akin to Hollander v. Hospira, Inc. . . . .") (emphasis added) (citations omitted).) At the present stage, this additional testimony tips the scales enough in Defendant's favor to survive dismissal.

Because Defendant's claim survives, upon reconsideration, Plaintiffs' sought-for dismissal for failure to sufficiently plead, the Court must now address Plaintiffs' second basis for dismissal: that 35 U.S.C. § 292(b) violates Article II of the Constitution. See Nw. Austin

---

[3] This newly discovered information provides additional weight against dismissal. Specifically, Mr. Emmert stated that he was aware that certain patents expired between 1990 and 1992, that expired patents were listed for "historical information" and as "road map[s]" of previously filed patents, and that his attorney had previously advised him to remove expired patents. (Sealed Ex. N, Dkt. No. 67, at 6-10.) (See Order, Dkt. No. 65, at 7 ("The Court agrees that Plaintiffs' website statement alone is not sufficient to plead objective facts demonstrating an intent to purposely mislabel its own products.").)

Mun. Util. Dist. No. One v. Holder, ___ U.S. ___, 129 S. Ct. 2504, 2513 (2009) (stating that judging the constitutionality of congressional acts is the "most delicate" of duties and that "'normally [a court] will not decide a constitutional question if there is some other ground upon which to dispose of the case.'" (quoting Escambia Cnty. v. McMillan, 466 U.S. 48, 51 (1984))).

## II. Constitutionality of 35 U.S.C. § 292(b)

Section 292 provides, in relevant part, the following:

(a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public

. . . .

Shall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.[4]

35 U.S.C. § 292. The latter provision operates as an assignment of the United States' rights. Stauffer v. Brooks Bros., Inc., 619 F.3d 1321, 1325 (Fed. Cir. 2010).

---

[4] On March 30, 2011, House Bill 1249, which reforms patent law, was introduced in the House of Representatives and, on June 23, eventually passed. Specifically, § 16(b) would amend § 292(b) to "[a] person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." America Invents Act, H.R. 1249, 112th Cong. § 16(b) (as passed by House, June 23, 2011), available at http://www.gpo.gov/fdsys/pkg/BILLS-112hr1249ih/pdf/ BILLS-112hr1249ih.pdf. America Invents Act, S. 23, 112th Cong. § 2(k) (as passed by Senate, Mar. 8, 2011) (also creating a "competitive harm" requirement to subpart b of § 292), available at http://www.gpo.gov/fdsys/pkg/BILLS-112s23es/pdf/BILLS-112s23es.pdf. This proposed legislation would significantly change the current landscape of false marking suits.

In their Sur-reply to the Motion to Dismiss, Plaintiffs raised a new argument that § 292(b) is unconstitutional based on a then newly published Pennsylvania case. (Pls.' Br., Dkt. No. 53 at 2 (citing Rogers v. Tristar Prods., Inc., ___ F. Supp. 2d ___, ___, 2011 WL 2175716, at *11-12 (E.D. Pa. June 2, 2011)).) In Tristar, the Pennsylvania district court found that § 292 violated the Take Care Clause in Article II of the Constitution because that provision "impermissibly delegates the Executive Branch's prosecutorial authority to private citizens." Tristar, ___ F. Supp. 2d at ___, 2011 WL 2175716, at *5. Once this provision's constitutionality became an issue in the present case, the Court issued notice to the Attorney General of the United States and the United States intervened to defend the constitutionality of § 292(b). (Certification, Dkt. No. 59; Mtn. to Intervene, Dkt. No. 69.)

Recent Federal Circuit holdings expanding the scope of qui tam litigation—specifically, finding that each individual marking is a separate violation of the statute and that a violation can occur where an item is marked with an expired patent number—have lead to a proliferation of false marking litigation. Forest Grp., Inc. v. Bon Tool Co., 590 F.3d 1295, 1303 (Fed. Cir. 2009); Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361 (Fed. Cir. 2010). This proliferation has encouraged defendants in such actions to question the constitutionality of § 292(b).

Initially, the query was whether individuals asserting a § 292(b) claim had the requisite standing to bring suit in federal court, which the Federal Circuit found in the affirmative. Stauffer, 619 F.3d at 1327-28 (finding district court in error for dismissing plaintiff's qui tam claim for lack of standing, but not deciding constitutionality of § 292(b)

in light of Take Care Clause because that argument had not been raised below). The current constitutional challenge involves the Take Care Clause of Article II, which states that "[the President] shall take Care that the Laws be faithfully executed . . . ." U.S. Const. art. II, § 3. When faced with whether § 292(b) violates the Take Care Clause, the majority of courts have found that the provision does not violate the Constitution.[5]

Two courts have found this provision violates the Constitution because Congress's delegation of authority to enforce § 292 strips the Executive Branch of its power to "take Care that the Laws be faithfully executed," and impermissibly gives that power to the public. Tristar, ___ F. Supp. 2d. at ___, 2011 WL 2175716; Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc., 765 F. Supp. 2d 997 (N.D. Ohio 2011), aff'd on reconsideration, 2011 WL 924341 (N.D. Ohio Mar. 14, 2011). Specifically, these two courts determined that despite the civil enforcement provision, the False Marking Statute was a criminal statute in nature and, therefore, should be governed by Morrison v. Olson, 487 U.S. 654 (1988). Tristar, ___

---

[5] Hollander v. Ranbaxy Labs. Inc., ___ F. Supp. 2d ___, ___, 2011 WL 2787151, at *9 (E.D. Pa. July 18, 2011) (unpublished) (holding that § 292(b) does not violate the Take Care Clause in Article II of the Constitution); Simonian v. Allergan, Inc., No. 10 C 02414, 2011 WL 1599292, at *3-5 (N.D. Ill. Apr. 28, 2011) (unpublished) (same); Buehlhorn v. Universal Valve Co., Inc., No. 10-559-GPM, 2011 WL 1259712, at *4 (S.D. Ill. Mar. 31, 2011) (unpublished) (same); Ford v. Hubbell Inc., No. 10-513-GPM, 2011 WL 1259707, at *3 (S.D. Ill. Mar. 31, 2011) (same); Luka v. Procter & Gamble Co., ___ F. Supp. 2d ___, ___, 2011 WL 1118689, at *8 (N.D. Ill. Mar. 28, 2011) (same); Pub. Patent Found., Inc. v. GlaxoSmithKline Consumer, Healthcare, L.P., 09 Civ. 5881(RMB), 2011 WL 1142917, at *3-4 (S.D.N.Y. Mar. 22, 2011) (unpublished) (same); Hy Cite Corp. v. Regal Ware, Inc., No. 10-cv-168-wmc, 2011 WL 1206768, at *3-4 (W.D. Wis. Mar. 15, 2011) (unpublished) (same); Shizzle Pop, LLC v. Wham-O, Inc., No. CV 10-3491 PA (FFMx), 2010 WL 3063066, at *3 (C.D. Cal. Aug. 2, 2010) (unpublished) (same); Zojo Solutions, Inc. v. Stanley Works, 712 F. Supp. 2d 756, 757-58 (N.D. Ill. 2010) (same); Pequignot v. Solo Cup Co., 640 F. Supp. 2d 714, 727-28 (E.D. Va. 2009) (same).

F. Supp. 2d at ___, 2011 WL 2175716, at *10 ("[T]he Court agrees with the Unique court that section 292(b) represents the very delegation of criminal law enforcement authority that Morrison's test was designed to assess. . . . That the private enforcement mechanism happens to be civil in form does not change the fact that the wrong for which it enables relators to seek redress is the injury the United States suffers when a person or entity violates federal law.").

Additionally, the court for the Northern District of Ohio applied Morrison due to the Sixth Circuit's application of Morrison to the qui tam provision of the False Claims Act ("FCA"). Unique, 765 F. Supp. 2d at 1002 (citing U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co., 41 F.3d 1032 (6th Cir. 1994)). These two courts further found that § 292(b) does not require sufficient notice to the United States of the relator's false marking claim nor does this provision provide the United States with sufficient control over the litigation's course. Therefore, these courts found this provision unconstitutional because it lacked the "sufficient control" given to the Executive Branch to fulfill its duties. Morrison, 487 U.S. at 696.

After reviewing the relevant case law, the Court finds the analysis of the majority, concluding that this provision is constitutional, more persuasive. The Court agrees with the majority that full application of Morrison is unnecessary in light of the "civil nature" of the enforcement under § 292(b).[6]   See, e.g., Simonian, 2011 WL 1599292, at *4 ("the

---

[6] The circuits are split as to whether Morrison applies to the False Claims Act qui tam provision. Compare Taxpayers Against Fraud, 41 F.3d at 1041 (citing Morrison while upholding

direct-control test espoused by the Supreme Court in Morrison does not apply to the same degree in this setting, which involves a civil action and thus requires a lesser degree of governmental control"); Hollander, 2011 WL 2787151, at *8 (determining that due to Morrison's "unique context" and "unparalleled" nature, Morrison should not be given "significant precedential impact"); Pequignot, 640 F. Supp. 2d at 726-27.

Moreover, the level of governmental control over and notice of qui tam actions asserted under § 292(b) is sufficient. 35 U.S.C. § 290 (right to be notified of the filing of a complaint under Title 35); Fed. R. Civ. P. 24(b)(2) (allowing intervention by the Government); Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing dismissal without a court order only if all appearing parties sign stipulation of dismissal). Finally, the Federal Circuit's silence on this issue is often interpreted as further support for finding this provision constitutional.[7]

---

the qui tam provision of the FCA), with Riley v. St. Luke's Episcopal Hosp., 252 F.3d 749, 755 (5th Cir. 2001) (en banc) (finding Morrison inapplicable to the qui tam provision of the FCA because, first, unlike the Ethics in Government Act at issue in Morrison, the FCA authorizes the relator to bring suit in the United States' name and, second, unlike the independent counsel under the EGA, the relator under the FCA is a civil litigant). In United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 805-06 (10th Cir. 2002), the Tenth Circuit cited Morrison when determining that when the Government intervenes, "the *qui tam* provisions of the FCA do not violate the separation of powers by transgression of the Take Care Clause." Id. at 806 & n.6 (expressing "no opinion regarding whether the FCA's *qui tam* provisions violate the separation of powers or the Take Care Clause in circumstances other than those presented in this case . . . ."). See also Ridenour v. Kaiser-Hill Co., L.L.C., 397 F.3d 925, 934-35 (10th Cir. 2005) (discussing the constitutionality of the False Claim Act's qui tam provision, without discussing Morrison, and citing the Riley case from the Fifth Circuit as support) (citing Riley, 252 F.3d at 753).

[7] This silence, however, may not last long—two cases are currently pending before the Federal Circuit where § 292(b)'s constitutionality, in light of the Take Care Clause, is a ripe issue. U.S. ex rel. FLFMC, LLC v. Wham-O, Inc., No. 2011-1067 (holding oral arguments regarding the constitutionality of § 292(b) on July 7, 2011); Unique Prod. vs. Hy-Grade Valve, No. 2011-1254.

See, e.g., Zojo Solutions, 712 F. Supp. 2d at 758 ("In a sense, then, [the Federal Circuit's] failure to speak of any potential problem of unconstitutionality could be viewed as confirming the validity of the statute."). Finding all of these arguments persuasive, the Court finds that § 292(b) is constitutional.

Accordingly, the Court respectfully requests the Federal Circuit remand this matter so that Defendant's motion to amend (and/or reconsider) may be granted. If the case is remanded, the Court will immediately reenter this Order and Defendant will have 10 days from that date to amend its Counterclaim to provide more detailed allegations supporting its false marking claims.

IT IS SO ORDERED this 12th day of September, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge